UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ADERHOLT, | No. 2:23-cv-0289 DJC DB PS |
| Plaintiff, | |
| v. | ORDER |
| ANN EDWARDS, et al., | |
| Defendants. | |

Plaintiff Daniel Aderholt is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the Court are plaintiff's complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 1 & 2.) Therein, plaintiff complains about "Sacramento County . . . NO Camping Ordinance 9.36.083[.]" (Compl. (ECF No. 1) at 3.)

The Court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiff's complaint is deficient. Accordingly, for the reasons stated below, plaintiff's complaint will be dismissed with leave to amend.

**I.     Plaintiff's Application to Proceed In Forma Pauperis**

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma

1

pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western

Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II.    Plaintiff's Complaint

Plaintiff's complaint is deficient in several respects.  In this regard, the complaint identifies the plaintiff as "Daniel Aderholt; CEO of American River Homeless Crews non-profit." (Compl. (ECF No. 1) at 1.)  The complaint appears to be attempting to assert a claim on behalf of "our homeless living on American River Parkway & Dry Creek[.]"  (Id. at 3.)  A declaration filed on April 28, 2023, purports that plaintiff is "representing" other individuals in this action.  (ECF No. 5 at 1.)

However, the right to represent oneself pro se is personal to the party and does not extend to other parties.  Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself.").  "It is a well-established rule that a litigant may assert only his own legal rights and interests and cannot rest a claim to relief on the legal rights or interests of third parties."  Coalition of Clergy, Lawyers, and Professors v. Bush, 310 F.3d 1153, 1163 (9th Cir. 2002).  In this regard, plaintiff Daniel Aderholt can only appear pro se in this action on behalf of Daniel Aderholt.  See generally Knoefler v. United Bank of Bismarck, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer, such as these purported 'trustee(s) pro se' has no right to represent another entity, i.e., a trust, in a court of the United States.").

Moreover, the complaint does not address plaintiff's standing to bring this action.  A district court is "required sua sponte to examine jurisdictional issues such as standing." Bernhardt v. Cnty. of Los Angeles, 279 F.3d 862, 868 (9th Cir. 2002); see also Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").  "Article III standing is a species of

1  subject matter jurisdiction." Coble v. DeRosia, 823 F. Supp. 2d 1048, 1051 (E.D. Cal. 2011). "A
2  suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an
3  Article III federal court therefore lacks subject matter jurisdiction over the suit." Cetacean Cmty.
4  v. Bush, 386 F.3d 1169, 1174 (9th Cir. 2004). "To satisfy Article III's standing requirements, a
5  plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and
6  (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the
7  challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the
8  injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envtl.
9  Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000). In this regard, it is not clear what injury
10 plaintiff Daniel Aderholt has suffered that is traceable to the action of a defendant.

11 Finally, the complaint fails to identify a claim and alleges facts in support of that claim.
12 While it is clear that the complaint seeks "a Restraining order preventing . . . removing the
13 homeless off the American River Parkway without providing a home for them and their pets," the
14 complaint does not identify a claim in support of the requested relief. Although the Federal Rules
15 of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair
16 notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly
17 and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649
18 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the
19 elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked
20 assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009)
21 (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of
22 particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones,
23 733 F.2d at 649.

24 The complaint does make repeated reference to "Boise v. Martin." (Compl. (ECF No. 1)
25 at 3.) In Martin v. City of Boise, 920 F.3d 583 (9th Cir. 2019), the plaintiffs were homeless or
26 had recently been homeless and had been cited for violation of the City of Boise's "Camping
27 Ordinance" and/or "Disorderly Conduct Ordinance." Id. at 603-04. The Ninth Circuit held that
28 criminalizing such behavior for homeless individuals "when no sleeping space is practically

4

available in any shelter" may violate the Eighth Amendment. Id. at 618.  In this regard, "the Eighth Amendment prohibits the imposition of criminal penalties for sitting, sleeping, or lying outside on public property for homeless individuals who cannot obtain shelter." Id. at 616.  Here, however, the complaint does not allege an Eighth Amendment claim.

**II.     Leave to Amend**

For the reasons stated above, plaintiff's complaint must be dismissed.  The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, the undersigned cannot yet say that it appears beyond doubt that leave to amend would be futile.  Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted leave to file an amended complaint.  Plaintiff is cautioned, however, that if plaintiff elects to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by

////

factual allegations." Id. at 679.  Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete.  Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings.  The amended complaint will supersede the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged.  Any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. The complaint filed February 16, 2023 (ECF No. 1) is dismissed with leave to amend.

2. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[1]  The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

3. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.[2]

DATED: May 4, 2023                    /s/ DEBORAH BARNES
                                       UNITED STATES MAGISTRATE JUDGE

---

[1] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

[2] Plaintiff need not file another application to proceed in forma pauperis at this time unless plaintiff's financial condition has improved since the last such application was submitted.